UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.S.,

Petitioner,

v.

DREW BOSTOCK et al.,

Respondents.

CASE NO. 2:25-cv-01255-JNW

ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER EAJA

Petitioner G.S.'s motion for attorneys' fees comes before the Court. Dkt. No. 43. He seeks fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Court GRANTS the motion for the reasons stated below.

## 1. LEGAL STANDARD

Under EAJA, when a qualifying civil action is brought by or against the United States, "a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to

EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

The Government must show that its position was "substantially justified." *Medina Tovar*, 41 F.4th at 1089. The Ninth Circuit applies a "reasonableness standard in determining whether the government's position was substantially justified." *Id.* "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2023)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Meier*, 727 F.3d at 870). When deciding whether the Government's position was reasonable, courts consider not only its position in litigation, but also the reasonableness "of the underlying agency action giving rise to the civil action." *Id.* EAJA's plain language requires this approach: the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

Under EAJA, attorney fees are limited to $125 per hour unless the court finds that a higher fee is justified. 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has found higher rates justified based on increases in the cost of living, and has approved a table of annually adjusted EAJA rates. *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009). G.S.'s attorney asserts that the approved rate for the

work performed in this case is $258.46 per hour, Dkt. No. 43-2 at 4, and the Government does not oppose the application of that rate, *see generally* Dkt. No. 44.

When ruling on a motion for attorney's fees, the Court "must find the facts specially and state its conclusions of law separately." *Su v. Hernandez*, No. 2:26-cv-00765-TMC, 2026 WL 2581957, at *2 (W.D. Wash. Sept. 1, 2026) (quoting Fed. R. Civ. P. 52(a)(1)) (citing Fed. R. Civ. P. 54(d)(2)(C)).

## 2. FINDINGS OF FACT

2.1. G.S. is an asylum seeker from India who was initially detained and then released on his own recognizance in June 2024, under "section 236 of the Immigration and Nationality Act and part 236 of Title 8, Code of Federal Regulations." Dkt. No. 26-3 at 1. ICE released G.S. "pending a final administrative determination in [his] case." *Id*; *see also* Dkt. No. 26-4.

2.2. On June 24, 2025, G.S. was re-detained by ICE when he appeared at ICE's Eugene, Oregon field office for his previously scheduled check-in appointment. Dkt. No. 26-5.

2.3. That day, G.S. filed a petition for writ of habeas corpus. Dkt. No. 1. The case was subsequently transferred from the District of Oregon to this District.

2.4. The Tacoma immigration court twice found that G.S. was not eligible for bond because he was subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. Nos. 26-8; Dkt. No. 26-9.

2.5. G.S. filed a motion for temporary restraining order, which District Judge Marsha J. Pechman granted. Dkt. 28, 30. The Government did not oppose the

motion for a temporary restraining order, even though the motion requested G.S.'s release from immigration detention. Dkt. No. 29 (Notice of Non-Opposition). Thus, G.S. was released from detention.

2.6. In its return and motion to dismiss, Dkt. No. 24, the Government argued that G.S. is and was subject to mandatory detention under 8 U.S.C. § 1225(b); it also argued that and that the Court should require G.S. to exhaust his administrative remedies before seeking habeas relief. *See* Dkt. No. 24 at 6–8.

2.7. In a Report and Recommendation ("R&R"), United States Magistrate Judge Theresa L. Fricke recommended granting G.S.'s habeas petition. Dkt. No. 37. Again, the Government did not object. The Court adopted the R&R and granted the habeas petition.

2.8. On December 28, 2025, the Government filed a notice of appeal to the Ninth Circuit. Dkt. No. 41. On January 13, 2026, the Ninth Circuit granted the Government's voluntary motion to dismiss and issued its mandate in the case. Dkt. No. 42.

2.9. The Court ordered the parties to submit briefing on whether the motion for fees should be stayed pending the Supreme Court's decision in *Montoya Palacios v. Baker*, No. 25-4045, 2026 WL 171690 (D. Md. Jan. 22, 2026), *aff'd*, No. 26-6251, 2026 WL 1154321 (4th Cir. Mar. 24, 2026), *cert. granted* sub nom. *Montoya Palacios v. Liggins*, No. 25-1223, ___ S. Ct. ___, 2026 WL 1855057 (June 29, 2026). Dkt. No. 30. Having accepted review of that case, the Supreme Court will likely decide whether attorneys' fees are available under EAJA for immigration habeas petitions. The Government argued that

this case should be stayed pending the Supreme Court's decision, while G.S. urged the Court to decide the motion. Dkt Nos. 48; 49.

## 3. CONCLUSIONS OF LAW

A. **A stay is not warranted.**

3.1. The Court first decides whether a stay is appropriate. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). When a party requests a stay, the court must weigh the competing interests at stake. *Id.* "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis*, 299 U.S. at 255).

3.2. Here, a stay will "work damage" to G.S. Interest on an EAJA award runs only from the date of the award. 28 U.S.C. § 1961(a). If the Court rules now and the Government appeals and loses, interest accrues from that date through

the day before the mandate. 28 U.S.C. § 2412(f). If the Court waits, none accrues at all. So a stay would shift the cost of waiting from the Government to G.S. The Government answers that his attorneys are not parties, so their losses don't count. Dkt. No. 48 at 3 n.2. True, but an EAJA award is payable to the prevailing litigant, not his lawyer. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

3.3. What's more, G.S. is entitled to fees under Ninth Circuit precedent and the EAJA's plain language. Indeed, "[t]he Ninth Circuit has rejected the government's argument that EAJA fees were not available in an immigration exclusion habeas proceeding, *Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985), and has awarded EAJA fees to a petitioner successfully challenging immigration detention, *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009)." *Nguyen v. Bondi*, C26-460-MLP, Dkt. No. 23, at 3 (W.D. Wash. Aug. 26, 2026).

3.4. The Government attempts to distinguish *Hill*, arguing that the petitioner in *Hill* was not in custody and filed a petition to challenge the denial of an application to enter the United States. Dkt. No. 48 at 4. Thus, while it was a habeas petition, it did not challenge custody, like G.S.'s habeas petition did. *Id*. The Government argues that the Ninth Circuit's holding in *Hill* should be limited to the facts of that case. But the Government's argument fails to address *Nadarajah v. Holder*, in which EAJA fees were awarded to an immigration detainee when he succeeded on his habeas petition and was released from custody. 569 F.3d at 909–10, 926.

3.5. Because a stay will work damage to G.S., the Government must prove "a clear case of hardship or inequity in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268 (quoting *Landis*, 299 U.S. at 255). It has not done so. On harm, the Government says only that "if a stay is not granted, the Government *may be* damaged by paying out money from the public fisc without a legal basis to do so." Dkt. No. 48 at 2 (emphasis added). But there is a legal basis to order fees. This is not a case in which the litigants are waiting for a higher court to answer a question of law that is unresolved in this Circuit. There is binding precedent on point. *Nadarajah*, 569 F.3d at 909–10, 926. The Court understands that the Government hopes that law will change, but that hope is not a clear case of hardship or inequity.

3.6. The Court also finds that staying this case indefinitely at this final stage of litigation will not "promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc.*, 300 F.2d at 268. It would simply keep a finished case from finally being closed.

3.7. The Government points to *Douangdala v. Bondi*, No. 2:26-cv-00963-DGE (W.D. Wash. Aug. 26, 2026), where another court in this District granted an EAJA award but stayed its enforcement pending *Montoya Palacios*. Dkt. No. 48 at 3–4. It argues that a stay is even more efficient here, because this Court has not yet decided the motion. *Id.* at 4. But deciding the motion now is what ends this case; a stay only postpones that work. And the Court declines *Douangdala*'s middle course. Granting fees and then withholding them would keep this case open and require another round of filings after the Supreme

Court rules. If the Government wants the award held while it appeals, it may ask the Ninth Circuit for a stay. As G.S. notes, that path also leaves the Ninth Circuit free to decide whether a stay is warranted, or to reach the merits, before the Supreme Court rules. Dkt. No. 49 at 2.

3.8. Having weighed the *Landis* factors, the Court concludes that the Government has not shown that a stay should issue. Its request for a joint status report is DENIED as moot. Dkt. No. 48 at 5.

**B. G.S. is entitled to fees under EAJA.**

3.9. G.S. is the prevailing party. 28 U.S.C. § 2412(d)(1)(A). The Government does not dispute this.

3.10. The Government's position in the underlying agency action giving rise to this civil case was not substantially justified.

a. ICE attempted to justify G.S.'s re-detention by arguing he is subject to mandatory detention under 8 U.S.C. § 1225(b). But that position contradicted—without explanation—its own prior decision as to G.S. specifically, which was to release him under 8 U.S.C. § 1226(a) (Section 236 of the Immigration and Nationality Act). Dkt. Nos. 26-3 at 1; 26-4. Indeed, ICE could not have released G.S. under Section 1226(a) if he were subject to mandatory detention under Section 1225(b).

b. That ICE's position was not substantially justified is further confirmed by Respondents' non-opposition to G.S.'s release from custody. Dkt. No. 29; see LCR 7(b)(2) ("Except for motions for summary judgment, if a

party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.”).

c. The Government argues that the agency’s position was reasonable because it was a new position that had not yet been substantially litigated and because it was consistent with the immigration court’s new finding that G.S. was subject to detention under 1225(b). Dkt. No. 44 at 4 (“Petitioner was subject to mandatory detention as an immigration judge had found that he was subject to mandatory detention under Section 1225(b).”). The Government’s argument is conclusory, essentially stating the Government’s detention of G.S. under Section 1225(b) was justified because the Government determined that he was subject to detention under Section 1225(b). Additionally, these arguments fail to address the fact that ICE had already released G.S. under Section 1226(a), meaning it had already necessarily concluded he was *not* subject to mandatory detention under Section 1225(b).

d. Because the agency’s position in the underlying action was not substantially justified, the Court makes no finding on whether the Government’s position in this litigation—including its position on exhaustion of administrative remedies—was substantially justified.

3.11. Because the Government’s position was not substantially justified, the Court considers whether any special circumstances would make an award of fees unjust. The Court finds none.

3.12. The Court thus awards G.S. fees under EAJA. The Government does not dispute that the 2025 EAJA rate in the Ninth Circuit, adjusted for inflation, was $258.46. Dkt. No. 43-2 at 4. Attorney Philip Smith worked 48.5 hours on this case, and attorney Nicole Nelson worked six hours. *Id*. at 3–4. The habeas filing fee was $5.00 and the pro hac vice fee was $249.00. *Id*. at 4. The Government does not challenge these hours or expenses, and the Court finds them reasonable.

## 4. CONCLUSION

Accordingly, the Court GRANTS the motion for attorneys' fees. Dkt. No. 43. G.S. is AWARDED $14,086.07 in attorneys' fees—54.5 hours at $258.46 per hour—and $254.00 in expenses, for a total of $14,340.07. The Government's request for a stay is DENIED. Dkt. No. 48 at 5.

Dated this 28th day of September, 2026.

Jamal N. Whitehead
United States District Judge